# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| BRAULIO ESPEJO PINEDA, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 0:07-1662-MBS-BM |
| ) | |
| v. ) | |
| ) | |
| SUMTER COUNTY c/o WILLIAM ) | **REPORT AND RECOMMENDATION** |
| NOONAN, LEE COUNTY ) | |
| c/o JIMMY LACOSTE, SIMON ) | |
| MAJOR, Director SLRDC, ) | |
| DR. BUSH, Medical Director, ) | |
| SOUTHERN HEALTH ) | |
| PARTNERS c/o Phil Mack, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

The pro se Plaintiff brought this action seeking relief pursuant to Title 42, United States Code, Section 1983. At the time this action was filed, Plaintiff was a pretrial detainee at the Sumter/Lee County Detention Center.

On October 17, 2007, and November 21, 2007, the Defendants filed motions for summary judgment. By orders of this Court filed October 18, 2007 and November 26, 2007, respectively, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Plaintiff was advised of the dismissal and summary judgment procedures and the possible consequences if he failed to respond adequately. However, despite the warnings and explanations set forth in the Court's Roseboro orders, the Plaintiff elected not to respond to either of these motions.

As the Plaintiff is proceeding pro se, the court filed another order on January 4, 2008, noting Plaintiff's failure to respond and that it appeared to the Court he wished to abandon this action. Plaintiff was granted an additional ten (10) days in which to file his response to the



Defendants' motions for summary judgment, and was specifically advised that if he failed to respond, this action would be recommended for dismissal with prejudice for failure to prosecute. <u>Davis v. Williams</u>, 588 F.2d 69, 70 (4th Cir. 1978), Rule 41(b) Fed.R.Civ.P.

The remaining Defendants (who had not yet filed for summary judgment) then filed their own motion for summary judgment on January 7, 2008, following which the Court issued yet another <u>Roseboro</u> order on January 22, 2008. The Court had also received a notice of change of address from the Plaintiff, and a separate order was issued on January 22, 2008 requiring the Defendants to re-serve Plaintiff with their motions for summary judgment at his new address, and granting Plaintiff thirty-four (34) days to respond to the outstanding motions. However, the Plaintiff still did not respond to any of these motions,[1] and has therefore failed to proceed with this case or to prosecute this matter in any way. Accordingly, it is recommended that this action be dismissed with prejudice for lack of prosecution. Rule 41(b), Fed.R.Civ.P.; <u>see</u> <u>also</u> Order issued January 4, 2008; *cf.* <u>Ballard v. Carlson</u>, 882 F.2d 93, 95 (4th Cir. 1989), <u>cert.</u> <u>denied sub nom.</u>, <u>Ballard v. Volunteers of America</u>, 493 U.S. 1084 (1990) [Magistrate Judge's prior explicit warning that a recommendation of dismissal would result from plaintiff failing to obey his order proper grounds for district court to dismiss suit].

The parties are referred to the Notice Page attached hereto.

Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

March 6, 2008

---

[1]Plaintiff did file a motion for discovery, which was denied as being manifestly untimely.



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

