IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

Braulio Espejo Pineda,                      )
                                            )      C/A No. 0:07-1662-MBS-BM
                    Plaintiff,              )
                                            )
        vs.                                 )
                                            )                **O R D E R**
Sumter County c/o William Noonan;           )
Lee County c/o Jimmy Lacoste;               )
Simon Major, Director SLRDC; Dr. Bush,      )
Medical Director; and Southern Health       )
Partners c/o Phil Mack,                     )
                                            )
                    Defendants.             )
_____)

        Plaintiff Braulio Espejo Pineda is a detainee who was housed at the Sumter Lee Regional

Detention Center ("SLRDC") in Sumter, South Carolina at the time he filed this action.  Plaintiff is

currently housed at the Columbia Care Center in Columbia, South Carolina.  Plaintiff signed a

complaint with twelve other detainees housed at the SLRDC that was filed on June 14, 2007.  On that

same day, by order of this court, the original action was separated into thirteen separate civil actions.

On July 10, 2007, Plaintiff, appearing *pro se*, filed an amended complaint alleging that he was denied

dental treatment, he was forced to pay for over-the-counter medicines, he was denied the ability to

choose what food would be served to him, that medicines his family brought to him were taken and

wrongfully dispersed to other inmates, and that he was overcharged for phone calls.  Plaintiff brings

this action pursuant to 42 U.S.C. § 1983.

        This matter is before the court on Defendants' respective motions for summary judgment.

On October 17, 2007, Defendants Dr. Bush and Southern Health Partners filed a motion for summary

judgment.  On October 18, 2007, an order was issued pursuant to Roseboro v. Garrison, 528 F.2d

309 (4th Cir. 1975), advising Plaintiff of the dismissal procedures and the possible consequences if

he failed to respond adequately.  On November 21, 2007, Defendant Lee County filed a motion for summary judgment.  On November 26, 2007, a second order was issued pursuant to <u>Roseboro v. Garrison</u>, advising Plaintiff again of the dismissal procedures and the possible consequences if he failed to respond adequately.  On January 4, 2008, the Plaintiff was ordered to advise the court as to whether he wished to continue with the case and to file a response to the motions for summary judgment filed by Defendants Dr. Bush, Southern Health Partners, and Lee County.  Plaintiff was also advised that failure to respond to Defendants' motions for summary judgment would result in a recommendation that this action be dismissed with prejudice for failure to prosecute.

On January 7, 2008, Defendants Sumter County and Simon Major filed a motion for summary judgment.  On January 10, 2008, Plaintiff filed a letter indicating that he had been hospitalized since September 2007 and informing the court that he had been moved to Columbia Care Center for rehabilitation.  On January 22, 2008, the Magistrate Judge ordered the Defendants to re-serve Plaintiff with their motions for summary judgment at Plaintiff's new address.  On the same day, the Magistrate Judge issued an order, for the third time, pursuant to <u>Roseboro v. Garrison</u>, advising Plaintiff of the dismissal procedures, the possible consequences if he failed to respond adequately, and giving Plaintiff thirty-four (34) days to respond to Defendants' respective motions for summary judgment.  On January 23, 2008, Defendants Sumter County, Simon Major, Dr. Bush, and Southern Health Partners filed certifications that their respective motions for summary judgment and accompanying attachments were served on Plaintiff.  On January 25, 2008, Defendant Lee County filed a certification that its motion for summary judgment, with attachments, was served on Plaintiff.

On January 29, 2008, Plaintiff filed a motion requesting an extension of time beyond January 14, 2008 to respond to Defendants' motions for summary judgment. On January 31, 2008, Plaintiff's motion for extension of time was found to be moot based on the court's January 22, 2008 order granting Plaintiff thirty-four (34) days from that date to respond. On February 12, 2008, Plaintiff filed another motion that was docketed as a motion for extension of time, in which Plaintiff requested discovery from Defendants. On February 13, 2008, the Magistrate Judge, noting that dispositive motions had been pending for months and that no extensions prior to Plaintiff's second motion for extension of time had been requested, denied Plaintiff's second motion as being manifestly untimely. Plaintiff has not filed any response to Defendants' respective motions for summary judgment.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bristow Marchant for pretrial handling. On March 6, 2008, the Magistrate Judge issued a Report and Recommendation in which he recommended that this action be dismissed with prejudice for lack of prosecution. On March 20, 2008, Plaintiff filed objections to the Report and Recommendation. ("Plaintiff's Objections.")

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

3

Plaintiff's objections generally restate his request for discovery.  The court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations.  <u>Orpiano v. Johnson</u>, 687 F.2d 44, 47-48 (4th Cir. 1982).  The court adopts the Report and Recommendation and incorporates it by reference.  As such, this action is dismissed with prejudice for lack of prosecution.

**IT IS SO ORDERED**.

   s/ Margaret B. Seymour
Margaret B. Seymour
United States District Judge

Columbia, South Carolina
July 17, 2008

## NOTICE OF RIGHT TO APPEAL

**Plaintiff is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**

4